## Commonwealth v. Sorkin

*Joseph Hylon*, for Commonwealth.
Pro se

AVRIGIAN, *J.*, June 3, 1980—Defendant, Eric J. Sorkin, appealed to this court from a summary conviction by a district justice on a speeding charge. The undersigned judge found defendant guilty of violating the speed limit on March 10, 1980, sentencing defendant to pay a fine of $68 plus the costs of prosecution. Defendant appealed from this judgment of sentence· to the Superior Court of Pennsylvania, thereby necessitating this opinion.

Viewing the evidence in the light most favorable to the Commonwealth, Com. v. Henderson, 249 Pa. Superior Ct. 472, 378 A. 2d 393 (1977), the facts are as follows.

On October 16, 1979, at approximately 1:30 p.m., the vehicle operated by defendant was timed by members of the Lower Merion Police Department over a distance of 670 feet on Montgomery Avenue in Rosemont. Defendant covered this distance in 9.1 seconds, indicating that he was travelling at a rate of speed of 49.4 m.p.h. The posted limit is 35 m.p.h. and a citation was issued to defendant.

On November 9, 1979 defendant was found guilty of speeding by District Justice Robert P. Johnson.

Defendant appealed from that decision to this court which dismissed the appeal and affirmed the finding of guilt.

The sole challenge of defendant on this appeal is that the measuring tape used to mark the distance over which he was clocked had not been "tested for accuracy within a period of 60 days prior to the alleged violation" as per 75 Pa.C.S.A. §3368(d) and, therefore, his motion to dismiss was improperly denied. The act, 75 Pa.C.S.A. §3368(d), reads as follows:

"(d) Approval and testing of mechanical, electrical and electronic devices.—All mechanical, electrical or electronic devices shall be of a type approved by the department, which shall appoint stations for calibrating and testing the devices and may prescribe regulations as to the manner in which calibrations and tests shall be made. The devices shall have been tested for accuracy within a period of 60 days prior to the alleged violation. A certificate from the station showing that the calibration and test were made within the required period, and that the device was accurate, shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged."

The obvious rationale behind this statute is to insure the accuracy of devices which, over a period of time, may require recalibration. A time measuring device, such as a stop-watch, is subject to fluctuations and this statute is designed to insure that such possible fluctuations are detected and corrected.

A tape, however, is not a time measuring device and does not require periodic recalibration or testing for accuracy.

There is a presumption in the law that the legislature does not intend an absurd result. It is this court's position that the result required by defendant's interpretation of this statute would be an absurdity. Surely our legislature did not intend that a measuring tape be certified as to accuracy every 60 days.

On May 7, 1979 the 100 foot tape had been tested and declared accurate by the Commonwealth of Pennsylvania, Bureau of Standard Weights and Measures. The Lower Merion Police Department was not required to have this accuracy test performed and yet it did so to insure the accuracy of its tape. This court is satisfied that tape certified as accurate remains so beyond a 60 day period and that 75 Pa.C.S.A. §3368(d) does not require periodic certification of its accuracy.

Accordingly, in the absence of any authority for defendant's position, common sense and the law support this court's guilty verdict.